# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**TIMOTHY S. MORIARTY,**

    **Plaintiff,**

vs.                                                  **Case No. 4:15cv420-MW/CAS**

**JULIE JONES, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, has filed a "first amended complaint" [hereinafter complaint], ECF No. 12,[1] and a document titled "judicial consideration." ECF No. 13. No relief is sought in the "judicial consideration" and it is not signed by Plaintiff. No further action is required on that document.

Plaintiff's complaint, ECF No. 12, has been reviewed as required by 28 U.S.C. § 1915A. The complaint form requests information on prior lawsuits filed, specifically asking: "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" *Id.* at 3. Plaintiff answered that

---

[1] Each document filed in this case is now referenced "ECF No." (the Electronic Case File) followed by the document number.

question by checking "no." That is not accurate. Plaintiff initiated case number 2:14mc14502-JEM in the United States District Court for the Southern District of Florida, Ft. Pierce Division, seeking to compel the IRS to take action on his grievance against a third party who he asserted fraudulently filed a 2012 tax return jointly in his name and without his consent. *See* ECF No. 13 of that case. The case was dismissed on April 2, 2015, for lack of jurisdiction and improper venue. ECF No. 14 of that case. Considering the case was dismissed just four months prior to initiation of this case, it is not reasonable to assume that Plaintiff forgot about the case. It was a case dismissed prior to service and should have been disclosed.

Plaintiff's complaint is against four Defendants: Secretary Julie Jones, Assistant Warden Duval, Captain Sykes, and Sergeant Peterson. Plaintiff alleges that on August 5, 2014, he was attacked by another inmate in Dorm E at Liberty Correctional Institution. ECF No. 12 at 3. Plaintiff reports that Defendant Peterson saw the attack, but did not file a report. That allegation is insufficient to state a claim. Failing to write a report is not a violation of Plaintiff's constitutional rights.

Plaintiff acknowledges that Defendant Duval was not physically present during the incident, but alleges that he has "'come up' through the ranks," is aware of the activities on the compound, and has "responsibility to review officers records and evaluations who serve under his authority" and has witnessed "culpable negligence committed by agents employed" by the Department of Corrections. *Id.* at 4. That allegation also does not state a viable claim. Plaintiff alleges no wrong-doing by Defendant Duval, nor does he specifically allege that constitutional violations were committed by other correctional officers who are "under his authority." Moreover, even

if Plaintiff had alleged that lower level officials violated his constitutional rights, Defendant Duval cannot be held liable for the conduct of other persons. Plaintiff was previously advised "that it is not sufficient to name a prison official as a Defendant in a civil rights case merely because he or she has supervisory authority over others." ECF No. 7 (citing Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010)). The doctrine of respondeat superior or vicarious liability does not provide a basis for recovery under § l983. Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992) (citing Monell v. Dep't of Soc. Srvcs, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)); *see also* Collins v. City of Harker Heights, 503 U.S. 115, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992); Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986). A supervising correctional officer cannot be named as a defendant simply because he is responsible for the safety of inmates or the operations of a particular institution. Plaintiff has not alleged any facts which demonstrate a plausible claim against Defendant Duval.

Additionally, Plaintiff has not sufficiently alleged facts against Defendants Sykes or Jones either. Plaintiff alleges Defendant Sykes "was aware of Sergeant Peterson's history with regards to her motives." That is not a constitutional violation. Plaintiff alleges Defendant Jones is "ultimately responsible for agents employed under her authority." *Id.* at 4. Because that is a claim based on the doctrine of respondeat superior, it is insufficient and does not allege a constitutional violation.

Plaintiff has not shown that any named Defendant violated his rights. There are no facts alleged which even remotely suggest that Defendant Peterson had any prior knowledge that Plaintiff was in danger of harm from another inmate and failed to protect him. There are no facts alleged which show that any Defendant failed to allow Plaintiff

to receive medical care. Because Plaintiff has not alleged a constitutional violation, this case should now be dismissed for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 12, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on November 18, 2015.

 s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**